IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2010 AUG 12  P 12: 21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br>a stock insurance company incorporated<br>and organized under the laws of the<br>State of Ohio,<br><br>    Plaintiff,<br><br>v.<br><br>AAA GENERAL CONTRACTORS,<br>INC., an Alabama corporation;<br>SHIRLEY BRITTON, an individual;<br>JERRY BRITTON, an individual;<br>JAMES ANTHONY BAKER, an<br>individual; KATHRYN LEANN BAKER,<br>individually and as the mother and next<br>friend of A. G. B. and J. L. B., both minor<br>individuals;  THOMAS GARLAND<br>BLANKENSHIP, an individual,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 3:10-cv-687-WHA-WC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

**COMES NOW** the Plaintiff, Owners Insurance Company and files its

complaint for declaratory relief and judgment as follows, to wit:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, Owners Insurance Company (hereinafter sometimes referred

to as "Owners Insurance"), is a stock insurance company incorporated and

organized under the laws of the State of Ohio, having its principal place of

business in the State of Michigan. Owners Insurance is not incorporated in the State of Alabama nor does it have its principal place of business in the State of Alabama. Owners Insurance is licensed to do business in the State of Alabama.

2.      Defendant AAA General Contractors, Inc. (hereinafter sometimes referred to as "AAA") is an Alabama corporation with its principal place of business in the State of Alabama.

3.      Defendants Shirley Britton and Jerry Britton (hereinafter sometimes collectively referred to as "the Brittons") are both individuals over the age of 19 years and both believed to be resident citizens of the State of Alabama.

4.      Defendants James Anthony Baker and Kathryn Leann Baker (hereinafter sometimes collectively referred to as "the Bakers") are individuals over the age of 19 years and believed to be resident citizens of the State of Alabama. Defendant Kathryn Leann Baker is also believed to be the mother and next friend of A. G. B., a minor, and J. L. B., a minor.

5.      Defendant Thomas Garland Blankenship (hereinafter sometimes referred to as "Blankenship") is an individual over the age of 19 years and believed to be a resident citizen of the State of Alabama.

6.      The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand and no/100 ($75,000.00). Jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §§

1332 and the Federal Declaratory Judgment Act 28 U.S.C. §2201, et seq. Venue is proper pursuant to 28 U.S.C. §1391 and 28 U.S.C. §81(b)(3). This action also seeks relief under the Alabama Declaratory Judgment Act with jurisdiction predicated on diversity of citizenship. ALA CODE 6-6-220 (1975).

## COUNT I

7.      Owners Insurance adopts by reference and realleges Paragraphs 1-6 of the Parties and Jurisdictional Allegations Section of this Complaint for Declaratory Relief and Judgment as if fully set forth herein.

8.      Owners Insurance is an insurance company that from September 11, 2005 to on or about January 1, 2010 had in force Owners Insurance policy(s) of insurance issued to AAA General Contractors, Inc. The Owners Insurance Tailored Protection Policy (TPP) of insurance contained Commercial General Liability coverage (CGL) which provided certain liability insurance coverage, as defined and limited in the policy, against damages that the insured becomes legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies under the CGL coverage. Said CGL coverage contained a number of limitations, exclusions, conditions and terms. Attached as Exhibit "1" to this complaint for declaratory relief and judgment are true and correct copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection Policy for the

3

policy terms September 11, 2005 to September 1, 2006. The insurance was renewed for the policy terms September 11, 2006 to January 1, 2010 with similar coverage. Attached as Exhibit "2" to this complaint for declaratory relief and judgment are true and correct copies of excerpted portions of the applicable CGL coverage forms and endorsements of the above-referenced Tailored Protection Policy for the policy terms September 11, 2006 to January 1, 2010. The entire contents of Exhibits "1" and "2" are hereby adopted and incorporated by reference as if fully set forth herein and are referred to for the specific policy language.

9. On or about September 15, 2009, the Bakers and Blankenship filed suit in the Circuit Court for Tallapoosa County, Alabama styled *James Anthony Baker, Kathryn Leann Baker, Thomas Garland Blankenship, A. G. B., a minor who sues through his mother and next friend, Kathryn Leann Baker, and J. L. B., a minor who sues through his mother and next friend Kathryn Leann Baker v. AAA General Contractors, Inc., Shirley Britton and Jerry Britton,* Civil Action No. CV-09-141 (hereinafter sometimes referred to as the "Baker/Blankenship lawsuit," "underlying lawsuit" or "CV-09-141"). A true and correct copy of the complaint in the Baker/Blankenship lawsuit (without exhibits and with the names of minor individuals redacted) is attached hereto as Exhibit "3".

10. The complaint filed by the Bakers and Blankenship in the Baker/Blankenship lawsuit in the Circuit Court of Tallapoosa County, Alabama,

4

Alexander City Division, Civil Action No.: CV-09-141 contains five (5) counts including breach of contract (Count I and Count II), negligence and wantonness (Count III), breach of implied warranty (Count IV), and breach of warranty (Count V). The specific allegations contained in the Baker/Blankenship lawsuit and complaint in CV-09-141are set forth in Exhibit "3" to this Complaint for Declaratory Relief and Judgment.

11.    It is the contention and position of Owners Insurance that its policy of insurance does not provide insurance coverage for all, or alternatively, most of the claims, damages and/or allegations asserted in the complaint in the Bakers/Blankenship lawsuit , CV-09-141.   Owners Insurance also contends that some or all of the claims, damages and/or allegations asserted or demanded in the Baker/Blankenship lawsuit and complaint are excluded by the insuring agreement, the policy language, terms, conditions and/or exclusions contained in the policy, all of which are adopted by reference.

12.    Owners Insurance contends that it does not owe insurance coverage for the following reasons, among others:

(a)    Section I, Coverage A (Bodily Injury and Property Damage Liability) of the Commercial General Liability coverage (CGL) contained in the policy only provides coverage for sums which the insured becomes legally obligated to pay as damages because of "bodily injury" or

"property damage" as defined in the policy. Section I, Coverage A of the CGL coverage applies to "bodily injury" and "property damage" only if the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory," the "bodily injury" or "property damage" occurs during the policy period, and the "bodily injury" or "property damage" is not known by the insured or an authorized employee to have occurred prior to the policy period. There is no coverage under the Owners Insurance policy for any occurrence or damages because of property damage or bodily injury that were known to have occurred, in whole or in part, prior to the policy period or that were not caused by an occurrence.

(b)   Owners Insurance's Commercial General Liability Coverage only provides coverage for damages that the insured is legally obligated to pay because of bodily injury, property damage, personal injury or advertising injury to which the insurance applies as defined and limited in the particular coverage contained in the policy. Damages claimed by the Baker/Blankenship Plaintiffs in the underlying lawsuit (CV-09-141) are in the form of damages to intangible property, or damages for pure economic loss or damages of a contractual nature which are not damages because of bodily injury, property damage,

6

personal injury or advertising injury as defined by the Owners Insurance policy of insurance, and are not covered by the Owners Insurance policy.

(c)     The complaint, as amended, in the underlying lawsuit (CV-09-141) does not allege an advertising or personal injury offense; therefore, the complaint, as amended, does not allege damages because of advertising injury or personal injury as those terms are defined by the policy. Furthermore, Section I, Coverage B (Personal Injury and Advertising Injury Liability) of the Commercial General Liability Coverage Form of the Owners Insurance Tailored Protection Policy contains exclusions which could be applicable to exclude coverage for some or all of the claims alleged in the underlying lawsuit even if an advertising injury or personal injury, as defined in the policy, was alleged.

(d)     The insurance policy contains an exclusionary endorsement "Fungi or Bacteria Exclusions" [endorsement 55238 (4-02) for the 9-11-2005 to 9-11-2006 policy term, and endorsement 55238 (06-04) for the 9-11-2006 to 1-11-2010 policy terms], which appears to exclude all, or alternatively most of the claims alleged in the Bakers/Blankenship complaint.     The exclusionary endorsements modify insurance

7

provided under the Commercial General Liability Coverage Part and
add the following exclusions to 2. Exclusions of Section I, Coverage
A - Bodily Injury And Property Damage Liability to provide that the
insurance does not apply to:

1.  "Bodily injury" or "property damage" arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event material or product contributed concurrently or in any sequence to such injury or damage.

2.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

    These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for human consumption.

The exclusionary endorsements further add the following
exclusions to 2. Exclusions of Section I, Coverage B.
Personal And Advertising Injury Liability, to provide that

the insurance does not apply to "personal injury" or "advertising injury":

1. Arising out of, in whole or in part, the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

2. For any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

The exclusionary endorsements also add the following definition to Section V, Definitions:

"Fungi" means any type or form of fungus, including but not limited to, any mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus.

e) Section I, Coverage A of the Commercial General Liability coverage contained in the Owners Insurance policy requires that damages because of property damage or bodily injury be caused by an "occurrence". An "occurrence" is defined in the Commercial General

Liability coverage as being an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." The complaint in the underlying lawsuit includes claims that do not allege an occurrence as defined in the Owners Insurance policy.

(f)    The Baker/Blankenship lawsuit and complaint CV-09-141, does not appear to allege an occurrence causing property damage or bodily injury that would be covered under the products-completed operations hazard coverage, nor does the complaint in CV-09-141 allege sudden or accidental physical injury to tangible property causing property damage that is not excluded from coverage.

(g)    The Baker/Blankenship lawsuit and complaint in CV-09-141, includes claims for breach of contract. The Commercial General Liability Coverage of the Owners Insurance policy does not provide liability coverage for damages because of liability assumed in a contract unless the contract is defined as an "insured contract." Furthermore, the Owners Insurance policy does not provide coverage for pure economic loss occurring from a breach of contract and a breach of contract does not constitute an occurrence as defined in the Commercial General Liability coverage. Section I, Coverage A of the

10

Commercial General Liability Coverage also contains a contractual liability exclusion i.e., Exclusion 2.b. [as amended by endorsement 55069 (1-88) for the policy term September 11, 2005 to September 11, 2006].

(h)   The Owners Insurance policy contains care, custody and control exclusions for property damage, your property and your work exclusions, business risk exclusions, and impaired property exclusions.   Exclusions j(5), (6) and (7) and/or exclusions k, l, m and/or n contained in Section I, Coverage A (Bodily Injury and Property Damage liability) of the Commercial General Liability coverage contained in the Owners Insurance policy (Exhibit "1") are applicable to exclude all or, alternatively, most of the claims for property damage that may be alleged in the underlying lawsuit (CV-09-141).

(i)   The Baker/Blankenship complaint in the underlying lawsuit (CV-09-141) may seek the recovery of punitive damages which may be based on intentional wrongful conduct.   It is Owners Insurance's position that punitive damages or compensatory damages resulting from such intentional wrongful conduct would not be covered under the policy

11

of insurance issued by Owners Insurance or under any coverage contained in such policy.

(j)     The underlying lawsuit may contain claims for expected or intended injury based on willful or intentional wrongful conduct. Owners Insurance asserts that its policy does not provide coverage for bodily injury or property damage that would be expected or intended from the standpoint of the insured. [*See* exclusion 2.a., Section I, Coverage A of the Commercial General Liability coverage]. Owners Insurance also contends that such intentional reckless and/or wanton conduct would not constitute an occurrence as defined in the Commercial General Liability coverage.

(k)     Owners Insurance also contends that it is against the public policy of the State of Alabama for there to be liability coverage for compensatory or punitive damages for intentional torts such as alleged in the complaint, as amended, in the underlying lawsuit, and particularly for claims of intentional fraud and misrepresentation.

13.     Conversely, Defendants AAA General Contractors, Inc., the Brittons, Bakers and/or Blankenship are believed to contend that the Owners Insurance policy of insurance covers all or some of the allegations, damages and/or actions contained in the Baker/Blankenship complaint.

14.     Owners Insurance is currently providing a defense to AAA
Contractors, Inc., and the Brittons in the underlying Baker/Blankenship lawsuit
(CV-09-141) under a full and complete reservation of rights including, without
limitation, the right to withdraw the defense being provided.

15.     Owners Insurance, therefore, avers that there exists between the
parties a genuine controversy regarding whether there is coverage under the
insurance policies in question and as to whether Owners Insurance is obligated to
provide a defense or indemnity to AAA Contractors, Inc., and/or the Brittons in the
underlying Baker/Blankenship lawsuit filed in the Circuit Court of Tallapoosa
County, at Alexander City, Alabama, Civil Action No.: CV-09-141.   Owners
Insurance requests that the Court declare the rights, obligations and remedies of the
parties herein.

**WHEREFORE**, these premises considered, Plaintiff Owners Insurance
Company prays that the Court, after hearing the evidence regarding the allegations
of the complaint, will enter a final judgment which orders and declares as follows:

a.     That Plaintiff Owners Insurance does not owe insurance coverage to
Defendant AAA General Contractors, Inc., Shirley Britton and/or
Jerry Britton under any coverage in any insurance policy issued by
Owners Insurance for any of the claims or damages asserted in the

13

underlying Baker/Blankenship lawsuit, CV-09-141, filed in the Circuit Court of Tallapoosa County, at Alexander City, Alabama;

b.    That Plaintiff Owners Insurance does not have a duty to defend Defendant AAA General Contractors, Inc., Shirley Britton and/or Jerry Britton and that Plaintiff Owners Insurance does not have a duty to pay any damages, judgment or settlement based on the events alleged in the underlying Baker/Blankenship lawsuit, CV-09-141, filed in the Circuit Court of Tallapoosa County, at Alexander City, Alabama;

c.    That Plaintiff Owners Insurance does not owe insurance coverage, a defense or indemnity to Defendant AAA General Contractors, Inc., Shirley Britton and/or Jerry Britton for any of the claims or damages set forth in the complaint and underlying Baker/Blankenship lawsuit filed in the Circuit Court of Tallapoosa County, at Alexander City, Alabama, Civil Action No. CV-09-141;

d.    Alternatively, that the Court will specifically define what, if any, insurance coverage is owed by Plaintiff Owners Insurance Company, to Defendant AAA General Contractors, Inc., Shirley and/or Jerry Britton and further order that Owners Insurance is not obligated to pay litigation expenses (such as expert witness fees and deposition costs)

related to claims not covered by the Owners Insurance policy and to order reimbursement to Plaintiff Owners Insurance for its payment of such costs.

e.    That the Court grant such other, further, different or appropriate relief to which Plaintiff Owners Insurance Company, may be entitled under these premises considered.

Respectfully submitted this the _12th_ day of _August_, 2010.

_Roger S. Morrow_
**ROGER S. MORROW (MOR032)**

_Joel H. Pearson_
**JOEL H. PEARSON (PEA019)**
***Attorneys for Plaintiff Owners Insurance Company***

**OF COUNSEL:**
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742
rsmorrow@mrplaw.com
jhpearson@mrplaw.com

## PLAINTIFF REQUESTS THAT THE DEFENDANTS BE
### SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

AAA General Contractors, Inc.
c/o Jerry Britton, Registered Agent
243 Oak Street
Alexander City, AL 35010

Shirley Britton
1880 Radio Road
Alexander City, AL 35010

Jerry Britton
1880 Radio Road
Alexander City, AL 35010

James Anthony Baker
245 Little Beaver Road
Daviston, AL 36256

Kathryn Leann Baker,
individually and as the mother
and next friend of A. G. B.
and J. L. B., minors
245 Little Beaver Road
Daviston, AL 36256

Thomas Garland Blankenship
245 Little Beaver Road
Daviston, AL 36256